**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHARLES W. HARRIS,

Plaintiff,

v. No. 2:24-cv-00707-JHR

DALE JANWAY,
MICHELLE LUJAN GRISHAM,
PATRICK MELVAN,
LESS WILLIAMS,
MICHAEL H. STONE,
CARLSBAD PUBLIC DEFENDER'S OFFICE,
STATE OF NEW MEXICO *and*
CITY OF CARLSBAD,

Defendants.

**MEMORANDUM OPINION AND ORDER TO CURE DEFICIENCY,**
**DENYING MOTION TO ADMIT TRANSCRIPT,**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL AND**
**ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violation of Civil Rights, Doc. 1, filed July 11, 2024 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Short Form), Doc. 2, filed July 11, 2024 ("Short Form Application"), and Plaintiff's Motion for Leave to Have Transcript Admitted / Request for Attorney to be Appointed, Doc. 3, filed July 11, 2024 ("Motion to Admit Transcript" and "Motion to Appoint Counsel").

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using the Short Form Application. The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without

Prepaying Fees or Costs (Long Form) ("Long Form Application"). Failure to file a Long Form Application within twenty-one (21) days from entry of this order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis*.

**Order to Show Cause**

Plaintiff was charged with fraud and forgery. *See* Complaint at 6; *New Mexico v. Harris*, No. D-503-CR-200400347. Plaintiff alleges that Defendants violated his civil rights through their acts and omissions during the state court proceedings on the fraud and forgery charges. Plaintiff seeks monetary damages. *See* Complaint at 8.

The Court notifies Plaintiff of the following deficiencies in his Complaint and orders Plaintiff to show cause why the Court should not dismiss the claims discussed below. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023 WL 4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

<u>Criminal Statutes</u>

Plaintiff asserts claims pursuant to 18 U.S.C. §§ 241, Conspiracy against rights, 242, Deprivation of rights under color of law, and 402, Contempts constituting crimes. *See* Complaint at 4. Sections 241, 242 and 402 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. App'x. 414, 415–416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Stating a Claim

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Conclusory allegations that a defendant conspired or deprived Plaintiff of the right to due process or equal protection of the law, without supporting factual allegations describing what each Defendant did that constitutes a civil rights violation, are not sufficient to state a claim.

Patrick Melvan

Defendant Patrick Melvan is a district attorney for the Fifth Judicial District of the State of New Mexico. *See* Complaint at 3. Plaintiff alleges Defendant Melvan "has denied the plaintiff a right to due process, by covering up corruption, failing to investigate corruption within his department, equal protection and a right to redress." Complaint at 6. Plaintiff also alleges he was denied due process "because Less Williams of the fifth judicial district attorney's office obstructed justice by being disobedient to a court order that was fraud on the court that is plain error and it denied plaintiff equal protection of the law." Complaint at 6.

The Complaint fails to state a claim for monetary damages against Defendants Melvan and Williams. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209 (10th Cir. 2022). There are no allegations

showing that Defendants Melvan and Williams actions were outside their roles of advocates initiating and presenting the government's case.

Michael H. Stone

Defendant Michael H. Stone is a "5th Judicial District court Judge." Complaint at 4. Regarding Defendant Stone, Plaintiff alleges:

> A) Backward looking right of access claim, B) conspiracy of silence claim C) denied a constitutional right to due process, D) equal protection of the law E) right to be heard was never afforded a hearing on the merits to his allegation 6) a state habeas corpus petition being ignored and still remains in limbo. F) Petition for post sentence relief, writs of error also denied as successive without ever holding any merit hearing on these allegations, the state obstructed a lawful court order and close the case as moot, G) denying Redress.

Complaint at 6.

The Complaint fails to state a claim for monetary damages against Defendant Stone. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed. App'x. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11–12 (1991)). There are no allegations showing that Defendant Stone's action were taken in the complete absence of all jurisdiction.

Carlsbad Public Defender's Office

Regarding Defendant Carlsbad Public Defender's Office, Plaintiff alleges:

> 1) Class of one equal protection claim, 2) Conspiracy of silence claim, Backward looking right of access claim to, 3) as well as participated in the unlawful prosecution by denying a defense to protect the plaintiff against a vindictive prosecution, by refusing to file motions to withdraw plea and vacate sentence as requested by the plaintiff, but rather suggested to the court that the plaintiff have a mental evaluation where evidence shows prosecutorial misconduct plain error, and a vindictive prosecution.

Complaint at 6. Plaintiff does not identify the individual state public defender that represented Plaintiff.

Plaintiff fails to state a claim pursuant to Section 1983 against the state public defender that represented Plaintiff in state court. "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant." *Dunn v. Harper County*, 520 Fed. App'x. 723, 725–26 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)).

City of Carlsbad

Plaintiff seeks "ACTUAL DAMAGES from the City of Carlsbad $350,000.00 reimbursement for properties that was denied due to corruption by the Carlsbad Police department that protected Nicole Carrasco, and Jolene McCormick." Complaint at 8 (emphasis in original).

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Carlsbad. "To hold a local government liable under § 1983, a plaintiff must prove: '(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.'" *McLain v. Sheriff of Mayes County*, 595 Fed. App'x. 748, 753–54 (10th Cir. 2014) (quoting *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978))). There are no factual allegations showing that a City of Carlsbad policy or custom was the moving force behind its employees' alleged constitutional deprivations. Nor are there any allegations describing the employees' actions and how they violated Plaintiff's civil rights.

Dale Janway

Defendant Dale Janway is the Mayor of Carlsbad. See Complaint at 3. Regarding Defendant Janway, Plaintiff alleges: "A) backward looking access claim, B) conspiracy of silence

claim C) has failed to train his subordinates D) failed to investigate the plaintiffs' [*sic*] allegation of corruption in the City of Carlsbad Police Department that he commands." Complaint at 6.

The Complaint fails to state a claim pursuant to Section 1983 against Defendant Janway for the alleged constitutional violations by City of Carlsbad employees.

> Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see also Dodds*, 614 F.3d at 1199

*Burke v. Regalado*, 935 F.3d 960, 997–98 (10th Cir. 2019). There are no allegations that Defendant Janway created or implemented an unconstitutional policy or custom that he knew would cause City employees to deprive Plaintiff of his constitutional rights. Furthermore, Plaintiff does not allege facts showing that Defendant Janway's failure to investigate corruption in the Carlsbad Police Department resulted in a violation of a federally protected right.

<u>State of New Mexico and Michelle Lujan Grisham</u>

Plaintiff alleges the State of New Mexico "prosecuted Plaintiff without subject matter jurisdiction A) a class of one equal protection claim, B) Backward looking court access claim, C) conspiracy of silence." Complaint at 6. Regarding Michelle Lujan Grisham, Plaintiff alleges "conspiracy of silence claim denied plaintiff a due process by not investigating allegations of corruption within her department, failed to train her subordinates." Complaint at 6.

Plaintiff has not shown that the Court has jurisdiction to hear his claims against the State of New Mexico and New Mexico Governor Michelle Lujan Grisham.

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official

> capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013). But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir. 2013).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014). "[T]he United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed. App'x. 445, 446 (10th Cir. 2006).

Statute of Limitations

It appears that some of Plaintiff's claims for civil rights violations may be barred by the statute of limitations. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). Plaintiff states that the events giving rise to his claims occurred on the "5th day of May 2024." Complaint at 5. Plaintiff alleges that "On the 5th day of May 2024 the NM court of appeals affirmed Judge Stone[']s denial of plaintiff's petition for post sentence relief" in the state court proceeding. Complaint at 6. However, Plaintiff alleges Defendants violated his civil rights during the state court proceedings which began in 2004. The Complaint does not contain allegations describing when each of the Defendants allegedly violated Plaintiff's civil rights.

Amended Complaint

The Court orders Plaintiff to show cause why Plaintiff's claims should not be dismissed for the reasons stated above. If Plaintiff asserts the Court should not dismiss any claims, Plaintiff must file an amended complaint. The amended complaint must state a claim for *each* Defendant. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (listing information required to state a claim). The Amended Complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Motion to Admit Transcript**

Plaintiff moves the court "to allow transcript marked EX-1 to be admitted that backs plain error claim of obstructing Justice." Motion to Admit Transcript at 1.

The Court denies Plaintiff's Motion to admit the transcript without prejudice. Plaintiff may move to admit the transcript at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Motion to Appoint Counsel**

Plaintiff requests: "To have counsel appointed to represent him for a backward looking right of access claim, class of one equal protection claim, and a conspiracy of silence claim, that has denied plaintiff a right for redress." Motion to Appoint Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed. App'x. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant

in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's Motion to Appoint Counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application may result in denial of Plaintiff's Application to proceed *in forma pauperis*.

(ii) The Clerk shall send to Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above; and (b) file an amended complaint. Failure to timely show cause and file and amended complaint may result in dismissal of this case.

(iv) Plaintiff's Motion for Leave to Have Transcript Admitted / Request for Attorney to be Appointed, Doc. 3, filed July 11, 2024, is **DENIED.**

**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**