IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES W. HARRIS,

      Plaintiff,

v.                                                                                                   No. 2:24-cv-00707-JHR

DALE JANWAY,
MICHELLE LUJAN GRISHAM,
PATRICK MELVAN,
LESS WILLIAMS,
MICHAEL H. STONE,
CARLSBAD PUBLIC DEFENDER'S OFFICE,
STATE OF NEW MEXICO and
CITY OF CARLSBAD,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S LONG FORM APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DENYING SHORT FORM APPLICATION AS MOOT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Short Form), Doc. 2, filed July 11, 2024 ("Short Form Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 8, filed July 29, 2024 ("Long Form Application").

After Plaintiff filed his Short Form Application, the Court notified Plaintiff the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees and ordered Plaintiff to file a Long Form Application.  *See* Order, Doc. 5, filed July 16, 2024.  Plaintiff subsequently filed his Long Form Application.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,243.00; (ii) Plaintiff's monthly expenses total $1,115.00; and (iii) Plaintiff has $10.00 in cash and $10.00 in a bank account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses are approximately equal to his monthly income.  Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 8, filed July 29, 2024, is **GRANTED.**

(ii)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Short Form), Doc. 2, filed July 11, 2024, is **DENIED as moot.**

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**