## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHARLES W. HARRIS,

      Plaintiff,

v.                                                                No. 2:24-cv-00707-JMC-JHR

DALE JANWAY,
MICHELLE LUJAN GRISHAM,
PATRICK MELVAN,
MICHAEL H. STONE,
CARLSBAD PUBLIC DEFENDER'S OFFICE and
CITY OF CARLSBAD,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Authorities charged Plaintiff, who is proceeding *pro se*, with fraud and forgery. *See* Complaint for Violation of Civil Rights at 6, Doc. 1, filed July 11, 2024 ("Complaint"); *New Mexico v. Harris*, No. D-503-CR-200400347. Plaintiff alleged that Defendants violated his civil rights through their acts and omissions during the prosecution of the charges in state court. Plaintiff sought monetary damages. *See* Complaint at 8.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff of several deficiencies in his Complaint, ordered Plaintiff to show cause why the Court should not dismiss the claims, and ordered Plaintiff to file an amended complaint. *See* Order, Doc. 9, filed July16, 2024.

Plaintiff did not show cause why the Court should not dismiss the claims but did file an Amended Complaint. *See* Amended Complaint for Violation of Civil Rights, Doc. 6, filed July 29, 2024 ("Amended Complaint"). Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. §§ 1981 and 1985, and for violations of Rule 60(b)(4) of the Federal Rules of Civil

Procedure, 18 U.S.C. § 1509 and the New Mexico Governmental Conduct Act.  *See* Amended Complaint at 4-5.

Plaintiff is proceeding *in forma pauperis*.  *See* Order, Doc. 9, filed July 30, 2024 (granting Plaintiff's Application to proceed *in forma pauperis*).  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend")(unpublished cited for persuasive authority only).

The Court, having notified Plaintiff of deficiencies in the original Complaint, having granted Plaintiff an opportunity to amend and having reviewed the Amended Complaint, dismisses this case for failure to state a claim for the reasons discussed below.

**Michelle Lujan Grisham**

The Amended Complaint names Michelle Lujan Grisham as a defendant but does not indicate whether Plaintiff is asserting claims against her in her official capacity, her individual capacity or both.  *See* Amended Complaint at 3, 12.  Judge Ritter notified Plaintiff that the original Complaint did not show that the Court has jurisdiction to hear his claims against the State of New Mexico[1] and New Mexico Governor Michelle Lujan Grisham:

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity.

---

[1] The Amended Complaint does not assert claims against the State of New Mexico.  See Amended Complaint at 1-3, 12 (listing Defendants).

> *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).  But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir. 2013).

> *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014).  "[T]he United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).  "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

Order to Show Cause at 6-7.

The Court dismisses Plaintiff's Section 1983 claims against Defendant Lujan Grisham in her official capacity as governor of New Mexico because state officials acting in their official capacities are immune from damages claims pursuant to Section 1983.

The Court further dismisses Plaintiff's Section 1983 claims against Defendant Lujan Grisham in her individual capacity.  Judge Ritter notified Plaintiff that:

> "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Conclusory allegations that a defendant conspired or deprived Plaintiff of the right to due process or equal protection of the law, without supporting factual allegations describing what each Defendant did that constitutes a civil rights violation, are not sufficient to state a claim.

Order to Show Cause 3.  The Amended Complaint fails to state a claim against Defendant Lujan Grisham because it contains no allegations explaining what Defendant Lujan Grisham did to Plaintiff.

**Patrick Melvan**

Defendant Patrick Melvan is an assistant district attorney in the Fifth Judicial District of

the State of New Mexico.  *See* Amended Complaint at 3.  Judge Ritter notified Plaintiff:

> "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their
> investigatory or evidence-gathering actions, their evaluation of evidence, their
> determination of whether probable cause exists, and their determination of what
> information to show the court." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209
> (10th Cir. 2022).

Order to Show Cause at 3.

The Court dismisses Plaintiff's claims against Defendant Melvan for damages pursuant to

42 U.S.C. § 1983 for failure to state a claim. The only allegations in the Amended Complaint

Defendant Melvan state that in May 2010 Defendant Melvan "signed a search warrant where drugs

were planted" and

> On 7-19-2022 plaintiff had a phone conference with Patrick Melvan and an
> unknown investigator arraigned [sic] by Dianna Luce (Chief 5th Judicial District
> Attorney) after plaintiff had sent a letter and accusations of the miscarriage of
> justice although Patrick Melvan[']s only interest was to remind plaintiff of the
> charges that happened in 2010 as a direct threat to plaintiff not to investigate
> plaintiff[']s claims, that he is very much aware of the constitutional violations as
> all the defendants know or should know from due diligence.

Amended Complaint at 8.  Defendant Melvan is entitled to absolute immunity for signing a search

warrant, because that is an investigatory, evidence gathering action, and for responding to

Plaintiff's letter with a phone call because it is part of Defendant Melvan's evaluation of evidence.

*See Chilcoat v. San Juan County*, 41 F.4th at 1209.  Furthermore, Plaintiff did not support his

conclusory allegation regarding Defendant Melvan's "direct threat to Plaintiff" with allegations

describing Defendant Melvan's statements during that phone conference.

**Michael H. Stone**

Defendant Michael H. Stone is a "5th Judicial District [C]ourt Judge." Amended Complaint at 4. Judge Ritter notified Plaintiff:

> The Complaint fails to state a claim for monetary damages against Defendant Stone. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). There are no allegations showing that Defendant Stone's action were taken in the complete absence of all jurisdiction.

Order to Show Cause at 4.

> The only allegations in the Amended Complaint regarding Defendant Stone state:
>
> 6/11/2024 MANDATE/AFFIRMED by the Appeals court affirming Judge stones [sic] dismissal of plaintiff's claim of constitutional violations of 5th, 6th and 14th amendments of the U.S. Constitution closing case and ordered Moot to take any further actions an plaintiff has exhausted all remedies in the state courts.
> . . . .
> On 6-22-2018 Notice of judge assignment of Michael H Stone that dismissed plaintiff[']s petition and motions but failed to elaborate on the open habeas corpus in his decision to dismiss plaintiff[']s petition then denied any other pleadings as successive without a[n] evidentiary hearing ever being heard, that violated due process, equal protection of the law, right to be heard.

Amended Complaint at 6-8.

The Court dismisses Plaintiff's damages claims against Defendant Stone pursuant to 42 U.S.C. § 1983 because Plaintiff has not alleged facts showing that Defendant Stone's actions were taken in the complete absence of jurisdiction.

**Carlsbad Public Defender's Office**

Judge Ritter notified Plaintiff that the original Complaint failed to state a claim pursuant to Section 1983 against the state public defender that represented Plaintiff in state court:

> "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant. *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)).

Order to Show Cause at 5.

Plaintiff alleges:

On 2-22-2005 . . Jeane Lahrman (P.D.) conspired to hold a pre trial proceeding in the 5th judicial district court with out subject matter jurisdiction . . .

On 3/22-2005 . . . Richard Brown (P.D.) conspired at a pretrial hearing in the 5th judicial district court that had no subject matter Jurisdiction . . .

On 8-18-2005 Garly L. Clingman accepted a guilty plea from Richard Brown (P.D.) and entered judgment without jurisdiction . . .

On 1-31-2007 . . . Jeanne Lahrman (P.D.) conspired to detain plaintiff into county jail for exercising the right to attack judgment on irregularities . . .

On 1-31-2007 . . . Jeanne Lahrman (P.D.) conspired to have plaintiff detained for a mental evaluation due to plaintiff asserting a constitutional violation and wanted sentence vacated and plea withdrawn that violated due process, right from cruel and unusual punishment and a right to effective assistance of counsel.

On 5-7-2010 . . . the Carlsbad public defender[']s office was notified of plaintiff[']s intent to file complaint . . .

Amended Complaint at 6-8.

The Court dismisses Plaintiff's damages claims against the Carlsbad Public Defender's Office pursuant to 42 U.S.C. § 1983 because public defenders do not "act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant." *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)) (unpublished cited for persuasive authority only).

## City of Carlsbad

Judge Ritter notified Plaintiff:

"To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014)

> (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. *754 Servs.,* 436 U.S. 658, 694 (1978)).

Order to Show Cause at 5.

> Plaintiff alleges:

> [there were four] counts of forgery on notarized documents that were acknowledged by the administrative assistant of the Carlsbad Chief of Police, and 1 count of fraud over $20,000.00 that was not backed by evidence and the records shows the property was sold by the state's witnesses during the proceeding of [Plaintiff's habeas] case and that the plaintiff could not have committed the crime of fraud . . .

> The deeds notarized by the Carlsbad chief of police secretary was a second set of deeds drafted.  The first set was drafted by Jolene McCormick (escrow agent) a state witness that refused to release the legal and binding documents to the plaintiff which was an illegal act that was protected by the state, and denied plaintiff's due rights to hold and possess the four deeds that convey ownership to plaintiff.
> . . . .
> [Plaintiff seeks] ACTUAL DAMAGES from the City of Carlsbad $350,000.00 reimbursement for properties that was denied due to corruption by the Carlsbad Police [D]epartment that protected Nicole Carrasco, and Jolene McCormick.

Amended Complaint at 8, 10.

The Court dismisses Plaintiff's Section 1983 claims against the City of Carlsbad because there are no factual allegations showing that a City of Carlsbad policy or custom was the moving force behind its employees' alleged constitutional deprivations.

**Dale Janway**

Defendant Dale Janway is the Mayor of Carlsbad.  *See* Amended Complaint at 3.  Judge Ritter notified Plaintiff that the original Complaint failed to state a claim pursuant to Section 1983 against Defendant Janway for the alleged constitutional violations by City of Carlsbad employees:

> Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand*

> *Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see also Dodds*, 614 F.3d at 1199.

> *Burke v. Regalado*, 935 F.3d 960, 997-998 (10th Cir. 2019).   There are no allegations that Defendant Janway created or implemented an unconstitutional policy or custom that he knew would cause City employees to deprive Plaintiff of his constitutional rights.   Furthermore, Plaintiff does not allege facts showing that Defendant Janway's failure to investigate corruption in the Carlsbad Police Department resulted in a violation a federally protected right.

Order to Show Cause at 6.

The Court dismisses Plaintiff's Section 1983 claims against Defendant Janway.   The Amended Complaint fails to state a claim against Defendant Janway because there are no allegations explaining what Defendant Janway did.   Plaintiff has not alleged that Defendant Janway created or implemented an unconstitutional policy or custom that he knew would cause City employees to deprive Plaintiff of his constitutional rights or that Defendant Janway's failure to investigate corruption in the Carlsbad Police Department resulted in a violation a federally protected right.

**Statute of Limitations**

Judge Ritter notified Plaintiff that it appears that some of Plaintiff's claims for civil rights violations in the original Complaint may be barred by the statute of limitations.   *See* Order to Show Cause at 7 (quoting *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years")).

The Court dismisses Plaintiff's civil rights claims as barred by the statute of limitations. All of the acts and omissions Plaintiff complains of, with one exception, occurred from December

3, 2004 through June 22, 2018. *See* Amended Complaint at 6-8. The one exception, which the Court discussed above, was a phone conference Plaintiff had with Defendant Melvan and an "unknown investigator" on July 19, 2022. Amended Complaint at 8.

Plaintiff alleges that "[e]ach day that the unconstitutional prosecution is not corrected is a violation of plaintiff[']s" civil rights. Amended Complaint at 8. The Amended Complaint does not, however, allege that Defendants committed wrongful acts within the last three years. *See Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018) (stating "this court has not yet decided whether [the continuing violations doctrine] should apply to § 1983 claims"; "the continuing violation doctrine is triggered by continuing unlawful acts but not by continuing damages from the initial violation . . . Said another way, the continuing violation doctrine, as we have defined it, would apply here only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period").

## Rule 60(b)(4)

Plaintiff asserts Defendants violated Rule 60(b)(4) of the Federal Rules of Civil Procedure which provides relief for a judgment when the judgment is void. *See* Amended Complaint at 4. The Court dismisses Plaintiff's claims pursuant to Rule 60(b)(4) because "rules governing procedure in the federal courts do not give rise to private causes of action." *Good v. Khosrowshahi*, 296 Fed.Appx. 676, 680 (10th Cir. 2008) (unpublished cited for persuasive authority only).

## 18 U.S.C. § 1509

Plaintiff asserts claims pursuant to 18 U.S.C. § 1509 which provides for fines and imprisonment for persons who obstruct orders of a Court of the United States. *See* Amended Complaint 4. Section 1509 is a criminal statute. Judge Ritter notified Plaintiff: "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414,

415-416 (10th Cir. 2003) (unpublished cited for persuasive authority only); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")." *See* Order to Show Cause at 2.  The Court dismisses Plaintiff's claims pursuant to 18 U.S.C. § 1509.  Plaintiff has not shown why the Court should not dismiss claims based on criminal statutes.  Furthermore, Section 1509 does not apply to obstruction of state court orders.

## 42 U.S.C. § 1981

Plaintiff asserts claims pursuant to 42 U.S.C. § 1981.  *See* Amended Complaint at 4.

Under 42 U.S.C. § 1981(a),

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

> The statute "prohibits not only racial discrimination but also retaliation against those who oppose it." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, —— U.S. ——, 133 S.Ct. 2517, 2529, 186 L.Ed.2d 503 (2013) (citing *CBOCS*, 553 U.S. at 445, 128 S.Ct. 1951).

*Parker Excavating, Inc. v. Lafarge West, Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017).

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1981 for failure to state a claim because there are no allegations in the Amended Complaint that Defendants discriminated against Plaintiff because of his race or retaliated against Plaintiff because of his opposition to racial discrimination.

## 42 U.S.C. § 1985

Plaintiff asserts claims pursuant to 42 U.S.C. § 1985.  *See* Amended Complaint at 4. Plaintiff does not indicate under which subsection of 42 U.S.C. § 1985 he is asserting claims.

Section 1985(1) provides a right of action "[i]f two or more persons . . . conspire to prevent . . .

any person . . .  from discharging any duties."  42 U.S.C. § 1985(1).

> The relevant portion of § 1985(2) provides a right of action "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3), clause 1, provides a right of action "[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).

> Among other elements, both causes of action require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995); *Smith v. Yellow Freight Sys., Inc.,* 536 F.2d 1320, 1323 (10th Cir.1976).

> The focus of the racial animus inquiry is the government actor's "intent, motive, or purpose." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988). To avoid summary judgment, Plaintiffs must point to "specific, nonconclusory evidence" that the Defendants' actions were "improperly motivated." *Id.* at 650.

*Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015).

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1985.  Plaintiff alleges that various persons "conspired" to hold a proceeding, to make a plea and disposition agreement, to detain plaintiff into county jail for exercising the right to attack judgment, and to have Plaintiff detained for a mental evaluation due to Plaintiff asserting a constitutional violation.  *See* Amended Complaint at 7.  Plaintiff, however, does not point to specific, nonconclusory evidence that Defendants' actions were improperly motivated.  Nor are there any specific factual allegations showing an agreement and concerted action among the Defendants.  *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) (regarding claims under § 1983 and § 1985, "we have generally held a federal conspiracy action brought under either of these statutes requires at least a

combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective").

**Conclusion**

As discussed above, the Court dismisses all of Plaintiff's federal law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Plaintiff also filed two motions. One asks the Court to take judicial notice of state court records that purportedly support Plaintiff's assertion that the state court proceeding lacked subject-matter jurisdiction. *See* Motion for Leave to Request the Court to Take Judicial Notice of Court Records that Supports Want of Jurisdiction, to Determine that Case D-505-CR-2004-347 to be Void & Null, Doc.12, filed August 15, 2024. The other asks the Court to vacate the judgment in the state court proceeding for being void under Rule 60(b)(4) of the Federal Rules of Civil Procedure. *See* Motion for Leave to File Motion to Vacate Judgment in Cause # D-503-CR-2004-347 for Being Void & Null under Federal Rule 60(b)4, Doc. 13, filed August 15, 2024. The Court denies the motions because Rule 60(b)(4) of the Federal Rules of Civil Procedure does not apply to state court judgments. *Sherratt v. Friel*, 275 Fed.Appx. 763, 766 n. 1 (10th Cir. 2008) (Rule 60(b)(4) may not be used to challenge state judgments in federal court.) (unpublished cited for persuasive authority only).

Plaintiff's Motion for Leave to Request the Court to Take Judicial Notice of Court Records that Supports Want of Jurisdiction, to Determine that Case D-505-CR-2004-347 to be Void & Null, Doc.12, filed August 15, 2024, is **DENIED.**

Plaintiff's Motion for Leave to File Motion to Vacate Judgment in Cause # D-503-CR-2004-347 for Being Void & Null under Federal Rule 60(b)4, Doc. 13, filed August 15, 2024, is **DENIED.**

Plaintiff's case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

**/s/ Joel M. Carson III**
**JOEL M. CARSON III**
**UNITED STATES CIRCUIT JUDGE**
**Sitting by Designation**